a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| REGINALD T. MORRIS, Plaintiff | CASE NO. 1:18-CV-1322-P |
| VERSUS | JUDGE DEE D. DRELL |
| CONCORDIA PARISH CORRECTIONAL FACILITY, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights Complaint (42 U.S.C. § 1983) of pro se Plaintiff Reginald T. Morris ("Morris"). (Docs. 1, 10, 11). Morris is a pretrial detainee currently incarcerated at the Lafayette Parish Correctional Center. At the time of filing suit, Morris was housed at the Concordia Parish Correctional Facility ("CPCF") in Ferriday, Louisiana. Morris complains that CPCF is not providing his vegetarian diet as ordered by the chaplain and medical department. Morris seeks compensatory and punitive damages, as well as injunctive relief.

Because Morris is not entitled to compensatory or punitive damages, and the request for injunctive relief is moot, his Complaint (Docs. 1, 10, 11) should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Morris alleges that he does not eat meat for religious and health reasons. He was prescribed a vegetarian diet, with eggs or peanut butter as a substitute for meat. (Doc. 1, p. 3). According to Morris, he did not regularly receive the vegetarian diet or

1

meat substitutes. Specifically, Morris was not provided a vegetarian meal on the following dates: July 28 (breakfast), August 12 (lunch), August 14 (breakfast), September 1 (breakfast), September 3 (lunch), September 9 (dinner), and October 3 (breakfast), 2018, as well as January 14, 2019 (no meat substitute). (Doc. 1, pp. 6-8). Morris complains that he receives biscuits, grits, beans, and peanut butter sandwiches rather than meat substitutes of eggs and cheese. (Doc. 11, p. 2).

Morris alleges that Defendant Angie asked two inmates to attack Morris for complaining about his meals. (Doc. 1 p. 6).

Finally, Morris alleges that he was placed in lockdown for three days for refusing a tray. (Doc. 11, p. 1).

Morris seeks an award of $5 million dollars in compensatory and punitive damages and a "restraining order against Concordia Parish Correctional Facility" and all Defendants. (Doc. 1, p. 9).

II. Law and Analysis

    A. Morris's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Morris is a prisoner who has been allowed to proceed in forma pauperis. (Doc. 5). As a prisoner seeking redress from an officer or employee of a governmental entity, Morris's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding in forma pauperis, Morris's complaint is also subject

to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**B. Morris's claim for compensatory damages should be dismissed for failure to allege a physical injury.**

A prisoner seeking relief under § 1983 must allege an actual physical injury—and more than a de minimis physical injury—in order to state a claim for physical or emotional damages. 42 U.S.C. § 1997e(e).

Although Morris alleges that Defendant Angie instructed two inmates to physically attack Morris, the inmates did not attack him. Instead, they informed Morris about Defendant Angie's request. (Doc. 1, p. 6; Doc. 10, p. 1). Therefore, Morris fails to allege an injury required by § 1997e(e).

Morris does not allege a physical injury resulting from the lack of a meat substitute on certain occasions. In his second supplemental complaint, Morris mentions that he has lost an unspecified amount of weight. (Doc. 11). However, Morris does not claim that he suffered substantial weight loss due to the occasional

3

absence of a meat substitute, or that his health has been negatively affected by the weight loss. The Fifth Circuit has held that complaints of sleep deprivation, headaches, and weight loss amount to de minimis physical injuries. See Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003). Additionally, other courts have determined that such complaints are de minimis. See Amir-Sharif v. Dallas County, Civil No. 3:06-143, 2006 WL 2860552, at *7 (N.D. Tex. Oct. 5, 2006); Parker v. Carter, Civil No. 4:13-0365, 2013 WL 3157913, at *3 (S.D. Tex. June 20, 2013) (38-pound weight loss was insufficient to demonstrate the requisite physical injury to warrant compensatory damages under § 1997e(e)).

Finally, Morris does not allege that he suffered a physical injury due to the three days he spent in administrative segregation.

Because he did not suffer any physical injury, Morris's claims for compensatory damages are barred by § 1997e(e).

### C.     Morris's claim for punitive damages should be dismissed.

In § 1983 cases, punitive damages are permitted "when a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Morris complains about the non-meat items he received, such as "scorched" beans, "skimpy peanut butter sandwiches," biscuits, and small portions of grits or cornbread. (doc. 11, p. 1). The fact that Morris does not like the vegetarian items served to him does not establish evil motive or reckless indifference to his constitutional rights in support of an award of punitive damages.

### D. Morris's request for injunctive relief is moot.

Morris seeks a "restraining order" against CPCF and all Defendants. (Doc. 1, p. 9). Morris has been transferred to the Lafayette Parish Correctional Center pending trial for attempted armed robbery.[1] Morris's request for injunctive relief has been rendered moot by his transfer to the Lafayette Parish Correctional Center. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).

### III. Conclusion

Because Morris is not entitled to compensatory or punitive damages and has been transferred out of CPCF, IT IS RECOMMENDED that his Complaint (Docs. 1, 10, 11) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

---

[1] http://jades.lafayettesheriff.com:8888/index.php?nav=record&id=767238

days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 27th day of February, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge